[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION AND ORDERS ON PLAINTIFF'S MOTION FOR CONTEMPT AND DEFENDANT'S MOTION FOR MODIFICATION
The court, after hearing the evidence, finds as follows:
(1) The stipulation dated July 19, 1993 agreed to CT Page 8230-W by the parties and their counsel and made an order of the court required the defendant to pay the mortgage, taxes and insurance for the residence "by way of alimony" and to pay, in addition, the sum of $150 per week alimony. These obligations are in fact, by the express intention of the parties, in the nature of alimony, maintenance or support, as they are for the support of the plaintiff wife and for the maintenance of her home and were identified as alimony. Applying federal bankruptcy law, as the court must, the court cannot conclude otherwise. Also, there was no evidence of a contrary intent on the part of the parties.
(2) The automatic stay does not affect proceedings to collect alimony, maintenance, or support from property that is not property of the debtor's estate. See11 U.S.C.A. 362(b)(2).
(3) Wages of the debtor which arise after a petition is filed in a Chapter 7 case, as here, are not part of the debtor's estate.
(4) Therefore, the current alimony orders of $1,057 per month for the mortgage, taxes and insurance, plus $150 per week may be enforced by an immediate wage garnishment.
(5) The court finds an arrearage for the mortgage payments not made by the defendant in the amount of $2,114 as CT Page 8231 of October 4, 1993.
(6) No action at this time is taken with respect to the arrearage, and the same may be held in abeyance until further order of the court.
(7) The defendant's motion for modification is denied without prejudice. No other action, except as above stated, is taken on plaintiff's motion for contempt.
Teller, J.